**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| MIRASOLES PRODUCE USA, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO:   7:22-cv-00055 |
| ) | |
| v. ) | |
| ) | |
| TALYGAP PRODUCE, INC. ) | |
| d/b/a Ponce Produce; and ) | |
| GUSTAVO ADOLFO PONCE REYES, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**WITH INCORPORATED MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 55(b), Plaintiff Mirasoles Produce USA, LLC ("Mirasoles" or "Plaintiff") respectfully moves this Court for Default Judgment against Defendants TALYGAP Produce, Inc. d/b/a Ponce Produce and Gustavo Adolfo Ponce Reyes (collectively, "Defendants"), jointly and severally, on all causes of action in the Complaint.

### I.    INTRODUCTION AND BACKGROUND

In the Complaint (Doc. No. 1), Plaintiff seeks relief against Defendants under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e(c)] and related state law causes of action for principal amounts due, pre-judgment interest and post-judgment interest. The Defendants have failed to answer, respond, appear or defend. The Clerk's Entry of Default has been entered against Defendants, and so final default judgment is appropriate at this time.

Through the entry of default, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H Inc.*, 967 F. 2d 194, 205 (5th Cir. 1992). Well-pleaded factual allegations in the Complaint are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F. 2d 1011, 1014 (5th Cir. 1987). A defendant's

default is, in itself, sufficient to establish the defendant's liability. *TeleVideo Systems, Inc. v. Heidenthal,* 826 F. 2d 915, 917 (9th Cir. 1987) ("Upon default, the well-pleaded allegations of the complaint relating to liability are true."); *Antoine v. Atlas Turner, Inc.*, 66 F. 3d 105, 110-11 (6th Cir. 1995) (same); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F. 2d 5 (1st Cir. 1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its claims must be considered established as a matter of law.").

A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F. 3d 307, 310 (5th Cir. 1993). Hearings are unnecessary where damages are "capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F. 3d 410, 414 (5th Cir. 1998). *See also, Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F. 3d 105, 111 (2nd Cir. 1997) (an evidentiary hearing is unnecessary if sufficient evidence is submitted to support the request for damages).

Plaintiff respectfully submits that default judgment should be entered against Defendants without a hearing based on the following docket entries, evidence and facts:

(a) On February 17, 2022, Plaintiff filed its Complaint (Doc. No.1) to commence this civil action;

(b) On March 9, 2022, Defendants were served via professional process server with the Summons and Complaint (Doc. Nos. 10 and 11);

(c) On April 4, 2022, the Clerk's Entry of Default was entered against Defendants (Doc. No. 14); and

(d) Pursuant to the Complaint, the annexed exhibits to the Complaint, and the Declaration In Support (with authenticated exhibits) filed concurrently with the instant Motion, Plaintiff has evidenced its liquidated damages that it is entitled to

recover on its PACA trust claim, which includes principal and prejudgment interest.

## II.     PACA LAW AND LIABILITY THEREUNDER

Plaintiff is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("produce") on credit through interstate commerce.  Plaintiff sold such produce on credit to Defendants from June 17, 2019 through March 12, 2020, and Defendants have failed to pay. *Complaint, Exhibit 1*. Accordingly, Plaintiff seeks enforcement of the statutory trust established under PACA, 7 U.S.C. §499e(c), and the Regulations issued pursuant thereto, 7 C.F.R. Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984 as amended) (the "PACA Regulations").

PACA regulates individuals, partnerships, corporations, and associations doing business as commission merchants, dealers, or brokers in wholesale produce transactions.  7 U.S.C. §499a. The statute was enacted by Congress in 1930 to "suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce" and "provides a code of fair play . . . and aid to [agricultural] traders in enforcing their contracts."  49 Fed. Reg. at 45737.  *See also, Wayne Cusimano, Inc. v. Block*, 692 F. 2d 1025, 1026 (5th Cir. 1982). PACA protects sellers and suppliers of produce by requiring that dealers or brokers hold perishable agricultural commodities, all inventories of food or other products derived from [such] commodities and any receivables or proceeds from the sale of such commodities or products subject to a trust for the benefit of all unpaid suppliers or sellers of such commodities.  7 U.S.C. §499(e)(c)(2).

As credit purchasers of wholesale quantities of produce, Defendants are statutory trustees with a fiduciary duty to hold all inventories of food or other products derived from produce and all receivables or proceeds of sale of the produce in trust for the benefit of unpaid suppliers like

3

Plaintiff. Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. §499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 C.F.R. §46.46(d)(1). Dissipation of trust assets, defined as the diversion of trust assets or the impairment of a seller's right to obtain payment, is forbidden. 7 C.F.R. §46.46(d)(1).

The PACA trust is a floating, non-segregated statutory trust which exists for the benefit of all unpaid suppliers of perishable agricultural commodities. 7 U.S.C. §499e(c)(2). The trust comes into existence at the commencement of a purchaser's produce related business, *In re Atlantic Tropical Market Corporation*, 118 B.R. 139 (Bankr. S.D. Fla. 1990) and continues in existence until all outstanding beneficiaries are paid in full, *In re Kornblum & Co., Inc.*, 81 F. 3d 280 (2nd Cir. 1996). Accordingly, since Plaintiff remains unpaid, the PACA trust continues in effect today.

### III.     PERSONAL LIABILITY UNDER PACA

The clear and consistent line of Circuit level case law is that an individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty. *See, Sunkist Growers v. Fisher*, 104 F. 3d 280, 282-83 (9th Cir. 1997); *Cranberry Prods. v. Koplovsky*, 165 F. 3d 1, 8-9 (1st Cir. 1999); *Golman-Hayden Co. v. Fresh Source Produce*, 217 F. 3d 348, 351 (5th Cir. 2000); *Patterson Frozen Foods v. Crown Foods Int'l.*, 307 F. 3d 666, 669 (7th Cir. 2002); *Weis-Buy Servs. v. Paglia*, 411 F. 3d 415, 420-21 (3rd Cir. 2005); and *Coosemans Specialties, Inc. v. Gargiulo.*, 485 F. 3d 701 (2nd Cir. 2007).

The Fifth Circuit affirmed its position in *Golman-Hayden* of holding responsible individual defendants personally liable in PACA trust cases in *Ruby Robinson Co. v. Herr*, 453 F. App'x 463, 465 (5th Cir. 2011) (holding that "It is established that a shareholder may not avoid liability under PACA merely by failing to assume responsibilities that he is entitled to.") (citing *Golman-Hayden*, 217 F. 3d at 351.)

The well-pleaded facts in the Complaint, now taken as true and conclusive, supply the evidence needed to prove both corporate and personal liability herein. Defendant TALYGAP Produce, Inc. is a Texas corporation with its principal place of business in McAllen, Texas. *Complaint, Par. 4*. TALYGAP Produce, Inc. was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Texas and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, et seq., ("PACA"). *Complaint, Par. 4.* At all times relevant herein, TALYGAP Produce, Inc. held federal produce license number 20161048 from the U.S. Department of Agriculture/PACA Branch. *Complaint, Par. 4.* The PACA license has since been terminated by the U.S. Department of Agriculture for non-payment to a produce supplier. *Complaint, Par. 4.*

At TALYGAP Produce, Inc.'s request, Plaintiff sold, on credit, wholesale quantities of perishable agricultural commodities to Defendants in the amount of $19,582.50. *Complaint, Par. 8.* Plaintiff duly delivered the perishable agricultural commodities to TALYGAP Produce, Inc. *Complaint, Par. 9.* TALYGAP Produce, Inc. received and accepted the perishable agricultural commodities from Plaintiff. *Complaint, Par. 10*. Pursuant to the payment terms between the parties, TALYGAP Produce, Inc. is in default with respect to the principal amount of $19,582.50 outstanding to Plaintiff. *Complaint, Par. 11*. TALYGAP Produce, Inc. has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

*Complaint, Par. 13.* On each of the outstanding invoices sent by Plaintiff to TALYGAP Produce, Inc. and the Individual Defendant, Plaintiff, as PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest. *Complaint, Par. 14 and 20.*

Individual Defendant Gustavo Adolfo Ponce Reyes ("Individual Defendant") is or was an owner, officer, director, and/or at least 10% shareholder of TALYGAP Produce, Inc. during the relevant time period, making him "responsibly connected" under PACA. *Complaint, Par. 5.* The Individual Defendant is or was a person in control of, and responsible for, the day-to-day operations of TALYGAP Produce, Inc. and the disposition of TALYGAP Produce, Inc.'s assets, including its PACA trust assets. *Complaint, Par. 5.* The Individual Defendant is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA. *Complaint, Par. 5.*

### IV.   PLAINTIFF IS ENTITLED TO PREJUDGMENT INTEREST

The PACA [7 U.S.C. §499e(c)(2)] provides in pertinent part:

> (2)  Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment **of the sums owing in connection with such transactions** has been received by such unpaid suppliers, sellers, or agents.   (Emphasis added.)

The words "in connection with" encompass not only the price of the produce but also additional related expenses, including contractual rights to [attorney fees and] interest.  *Middle

6

*Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F. 3d 1220, 1222-1223 (9th Cir. 2002). The Ninth Circuit stated that it "must give the statutory language its ordinary meaning, and 'where Congress has, as here, intentionally and unambiguously drafted a particularly broad definition, it is not our function to undermine that effort.'" *Id.*, citing *Commodities Futures Trading Comm'n v. Frankwell Bullion Ltd.*, 99 F. 3d 299, 303 (9th Cir. 1996). *See also, Country Best v. Christopher Ranch,* 361 F. 3d 629 (11th Cir. 2004) and *Coosemans Specialties, Inc. v. Gargiulo*, 485 F. 3d 701 (2nd Cir. 2007) (both finding and awarding interest and attorney fees on PACA trust claims).

Plaintiff maintains express contractual claims for interest at the rate of 1.5% per month (18% per year) as a term and condition of sale set forth on the face of each invoice issued to the Defendants. *See, Ideal Sales, Inc. v. McGriff*, No. 3:95-CV-0991-R, 1997 WL 148043, at *5 (N.D. Tex. Mar. 26, 1997) (citing *Okun v. Zimmerman*, 814 F. Supp. 346, 349-50 (S.D.N.Y. 1993) (recognizing that invoices containing provisions for the payment of interest were enforceable as bargained for portions of a contract). When the sales contract is evidenced by an invoice, "[c]ourts often look to [the] invoices when fixing prejudgment interest." *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC.*, 779 F. 3d 345, 351 (5th Cir. 2015).

In further evidentiary support of the instant motion, Plaintiff has concurrently filed its Declaration in support with authenticated exhibits attached thereto including a statement of account, unpaid invoices and a spreadsheet to accrue pre-judgment interest.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter default judgment against all Defendants, jointly and severally, for principal plus accrued interest as a priority trust debt under PACA, 7 U.S.C. §499e(c), plus continuing post-judgment interest at the parties' contractual rate.

Specifically, Plaintiff seeks principal of $19,582.50 plus accrued interest of $9,557.49, for a total Judgment of **$29,139.99**. (A proposed Default Judgment is attached hereto.)

Respectfully submitted,

Dated: April 13, 2022.

/s/ *Mark A. Amendola*
MARK A. AMENDOLA
  Ohio Bar I.D. No. 0042645
  Admitted to the S.D. Texas
  S.D. Texas ID No. 34603
MARTYN AND ASSOCIATES CO.
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio 44113
(216) 861-4700 - telephone
(216) 861-4703 - facsimile
mamendola@martynlawfirm.com

Attorney for Plaintiff Mirasoles Produce USA, LLC

## CERTIFICATE OF SERVICE

A copy of the foregoing Plaintiff's Motion for Default Judgment With Incorporated Memorandum in Support was electronically filed and served to all registered counsel of record through the Court's ECF system, this 13th day of April 2022.

Also, in compliance with Local Rule 5.5, a copy of the foregoing Motion and all accompanying moving papers were sent via <u>Certified Mail, Return Receipt Requested</u> to each of the Defendants, as follows:

TALYGAP Produce, Inc.
d/b/a Ponce Produce
c/o Registered Agent
Gustavo Adolfo Ponce Reyes
2501 W. Military Highway, Suites A-1 and A-2
McAllen, TX 78503

    and

Gustavo Adolfo Ponce Reyes
2501 W. Military Highway, Suites A-1 and A-2
McAllen, TX 78503

*/s/ Mark A. Amendola*
Attorney for Plaintiff
Mirasoles Produce USA, LLC